IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY CROUCH, )
)
    Plaintiff, )  1:11cv107
)
v. ) Case No. 1:11-mc-00006
)
WAYNE COUNTY JAIL SHERIFF, ) Judge Campbell
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff Timothy Crouch, a state inmate detained at the Wayne County Jail, has filed a complaint asserting claims under 42 U.S.C. § 1983 (ECF No. 1). By separately entered order, the Court has granted the plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. After the initial screening, the Court must *sua sponte* dismiss the complaint, or any portion of the complaint, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As set forth herein, the Court finds that the plaintiff's complaint fails to state a claim upon which relief may be granted and is therefore subject to dismissal.

I.     **ALLEGATIONS IN THE COMPLAINT**

As an initial matter, it is unclear whether the plaintiff intended to name the Wayne County Jail or the Wayne County Sheriff as the defendant. The caption of his complaint names the defendant as the Wayne County Jail, but the narrative portion of his complaint lists the "Wayne County Jail Sheriff," in his official capacity, as the sole defendant. The distinction is ultimately immaterial, as discussed below, because suit

against the Wayne County Sheriff in his official capacity is the same as suit against the Wayne County Jail, and Wayne County itself.

The factual allegations set forth in the complaint, in full, are as follows:

> I am being treated different than others because I am in protective custody because of my charger.
> When other inmates get to use hair clippers, I am denied.
> I am denied outside recreation. On occasion I do not get a full hour of pod recreation.

(ECF No. 1, at 5.)

In addition, the plaintiff specifically states that he has not brought these facts to the attention of the authorities who operate the jail because, as the plaintiff states, "They ignore me." (ECF No. 1, at 3.)

## II. PLRA SCREENING

### A. Failure to Exhaust

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law contesting the conditions of his confinement. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). The Supreme Court has held that the PLRA requires proper exhaustion of administrative remedies so that corrections officials are afforded the "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). In addition, proper exhaustion serves to: (1) give inmates an incentive to make full use of the prison grievance process; (2) reduce the quantity of prisoner suits; and (3) improve the quality of prisoner suits. *Id.* at 93–94. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. *Id.* at 95.

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that the Sixth Circuit's (and a minority of other courts') practice of imposing heightened pleading standards on prisoner § 1983 cases was not required by the PLRA, and therefore, exceeded the proper limits of the judicial role. The Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to

---

[1] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. Accordingly, the Court held that it was error for district courts to dismiss complaints at the initial screening stage on the basis that the prisoner did not plead and prove exhaustion.

To be clear, the Supreme Court did not hold that prisoners do not have to exhaust. To the contrary, the Court was clear that under the PLRA prisoners must properly exhaust their claims prior to filing suit. Thus, although *Bock* removed the plaintiff's burden of pleading and proving on the face of the complaint the affirmative defense of exhaustion, ultimately, proper exhaustion of administrative remedies is still required in order for a plaintiff to have any possibility to prevail on the claim. Prisoners are simply not required to plead exhaustion in their complaints. In addition, the law remains clear that prisoner petitions must be dismissed *sua sponte* if it appears from the face of the complaint that the plaintiff fails to state a claim upon which relief may be granted.

In this case, the plaintiff's complaint conclusively shows he has *not* exhausted his administrative remedies. The plaintiff does not allege lack of access to the grievance process or that he submitted grievances but they were not acted upon. Instead, he excuses his failure to bring his grievances to jail authorities' attention on the presumption that they would be "ignored." (ECF No. 1, at 3.) Under the PLRA, however, a claim of futility will not excuse a plaintiff's failure to go through whatever administrative grievance procedure is in effect at the place of the plaintiff's confinement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). *See also Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004) (holding that a prisoner's failure to file a grievance was not excused by his subjective belief that prison officials would not respond to his grievance); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) ("Exhaustion . . . requires a plaintiff to bring a grievance before the state before coming to federal court even when the state has made clear that it will not grant the relief requested.").

Accordingly, because the affirmative defense of failure to exhaust appears on the face of the pleadings and suffices to establish the existence of the defense, *Jones v. Bock*, 549 U.S. at 215, the plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim. *Cf. Leary v. A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952 (E.D. Mich. April 25, 2007) (dismissing prisoner-plaintiff's § 1983 lawsuit *sua sponte* where documentation supplied by the plaintiff with his complaint "conclusively show[ed] that his

lawsuit [was] barred by the PLRA's exhaustion requirement"); *Smith v. Lief*, No. 10-8, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010) (dismissing a portion of *pro se* prisoner-plaintiff's claims under *Jones v. Bock* for failure to state claim upon which relief may be granted where it was apparent from the face of a complaint that the inmate had failed to exhaust the prison grievance procedure); *Gunn v. Ky. Dep't of Corrs.*, No. 07-103, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008) (where it was clear from face of the complaint that the prisoner had filed an untimely grievance, *sua sponte* dismissal of the complaint without prejudice was warranted); *Spaulding v. Oakland Cnty. Jail Med. Staff*, No. 07-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug.15, 2007) (dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit). *Accord Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").

### B. Failure to State a Claim upon Which Relief May Be Granted

Even if the plaintiff's failure to exhaust his claims were not apparent on the face of the complaint, the complaint would nonetheless be subject to dismissal for failure to state a claim upon which relief may be granted based on the plaintiff's failure to clearly articulate his constitutionally based claims and his failure to state a claim against Wayne County based on an unconstitutional policy or custom.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). "[T]he violation of a federally protected right" is necessary for there to be liability against a government official under § 1983. *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir.2005). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this case, the plaintiff does not identify what rights he believes were violated, and the allegations in the complaint are not sufficiently detailed to give rise to an inference that the plaintiff's injuries are constitutional in dimension. For instance, the plaintiff alleges that he is being treated differently than others because he is "in protective custody because of [his] charger." (ECF No. 1 at 5.) The plaintiff does not explain what he means by his "charger." Regardless, in order to state an equal-protection claim based on discriminatory acts, as the Court construes the plaintiff to be attempting to allege, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). The plaintiff here has not alleged any facts suggesting he is a member of a protected class or that he was discriminated against on the basis of his membership in a protected class. Conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983---some factual basis for the claim must be set forth in the pleadings. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

The plaintiff's claims that he has not been allowed to use hair clippers and has on occasion been denied a full hour of recreation are likewise factually insufficient to state a claim for violation of his constitutional rights under the Eighth Amendment or otherwise. Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526--27 (1984)). However, "[t]o the extent that [ ] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The allegations in the plaintiff's complaint do not suggest "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain," that constitutes cruel and unusual punishment. *Id.* The plaintiff has not alleged that he has been unable to get his hair cut at all or that he is being denied basic hygiene. He has not alleged that he has been denied recreation time altogether; rather it appears he claims he has not gotten as much recreation time as he believes he should have. Although the Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being, *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985), the deprivation must be serious in order to give rise to

a constitutional claim. Thus, intermittent or temporary deprivations of recreation do not rise to the level of a violation of the Eighth Amendment. See *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) ("limited recreation opportunities" are not "the type of extreme deprivations which are necessary" for a constitutional deprivation); *Thompson v. Cnty. of Medina, Oh.*, 29 F.3d 238, 243--44 (6th Cir. 1994) (affirming the district court's conclusion that restrictions on exercise did not a violate the Eighth Amendment). The plaintiff's allegation that he has sometimes been allowed less than a full hour of recreation does not state a claim for violation of his constitutional rights.

Further, the plaintiff has not alleged that any of his alleged mistreatment resulted from a jail-wide policy or custom. As referenced above, the plaintiff names only the Wayne County Sheriff in his official capacity, which is tantamount to asserting claims against the entity of which the Sheriff is a representative, in this case Wayne County. The County, as a municipal entity, may liable for the actions of its employees under § 1983 only if there is a direct causal link between the alleged constitutional tort and a jail-wide policy or custom. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403--04 (1997); *Monell*, 436 U.S. at 691. Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The County cannot be sued merely on the theory that it employed a persons who violated the plaintiff's civil rights. *Monell v. Dep't of Soc' Servs.*, 436 U.S. 658, 690(1978). Because the plaintiff here has not alleged the existence of a Wayne County policy or custom that is causally related to his injuries, or even facts from which the Court could possibly infer the existence of any such policy or custom, the claims against the Sheriff in his official capacity are subject to dismissal.

## III. CONCLUSION

The plaintiff's complaint will be dismissed in its entirety without prejudice based on the failure to exhaust his administrative remedies, which is apparent from the face of the complaint. The Court further notes, however, that the complaint would be subject to dismissal on the alternative grounds that the complaint does not allege sufficient facts to support an inference that the plaintiff's constitutional rights were actually

violated, and fails to state a claim under § 1983 against the Wayne County Sheriff in his official capacity.

An appropriate order will enter separately.

Todd Campbell
United States District Judge